NO. 07-02-0463-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 15, 2004

_____

STEPHEN BERNARD WRIGHT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 84596; HON. CHARLES D. CARVER, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Pursuant to a plea agreement calling for a sentence of not more than five years confinement in the Institutional Division of the Texas Department of Criminal Justice, appellant Stephen Bernard Wright entered a plea of guilty to felony theft allegations, and entered a plea of true to prior conviction allegations. Pursuant to the agreement, his punishment was assessed on August 19, 2002, at five years confinement in the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Institutional Division of the Texas Department of Criminal Justice. On August 22, 2002, appellant filed a request for permission to appeal, which was denied. On September 18, 2002, appellant gave a general notice of appeal from his conviction.

Appellant's appellate counsel has now filed an *Anders* brief with this court in which he states he has thoroughly examined the trial record and determined the appeal is without merit. *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). In his brief, counsel concludes that our appellate jurisdiction has not properly been invoked. However, he goes on and discusses other possible issues and concludes that none of those issues demonstrate reversible error. Counsel has also filed a motion to withdraw and attached a copy of his letter to appellant forwarding a copy of his brief and enclosing his copy of the reporter's record. In the letter, he also advises appellant of his right to file a *pro se* brief and that he has filed a motion to extend the time for filing a *pro se* brief should appellant desire to do so. Neither appellant nor the State has filed a brief.

Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal, and then we must determine whether counsel has correctly concluded the appeal is frivolous. *See McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have also made an independent examination of the record to determine whether there are any arguable grounds that might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 83,

2

109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is frivolous. *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

Accordingly, the motion to withdraw is granted and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice

Do not publish.